```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HORACE GLENN, et al.,<br><br>      *Plaintiffs*,<br><br>  v.<br><br>SIMS, et al.,<br><br>      *Defendants*. | Civil Action No.<br>18-13877 (MEF)(JSA)<br><br>**OPINION and ORDER** |

\* \* \*

For the purposes of this brief Opinion and Order, the Court assumes full familiarity with the facts and procedural history of this case.

\* \* \*

As set out below, the Court will dismiss this case with prejudice, pursuant to Federal Rule of Civil Procedure 41(b), unless a timely filing is made.

\* \* \*

## I. Background

The Plaintiffs are civil detainees at the Adult Diagnostic and Treatment Center at Avenel, New Jersey. See Complaint ¶¶ 5-7 (Docket Entry 1). They claim that in June of 2018, they were illegally placed in solitary confinement for longer than 72 hours. See id. ¶¶ 1, 30-52.

This case is around six years old. On May 31, 2023, it was reassigned to the undersigned. See Text Order (Docket Entry 74).

The Defendants moved for summary judgment, and the Plaintiffs' response to the motion was due on February 6, 2024. See Motion (Docket Entry 100). No response was filed.

On May 21, 2024, the Court ordered the Plaintiffs to respond to the pending motion for summary judgment by June 11, 2024. See May Order at 1 (Docket Entry 101). The Court indicated that not doing so would result in dismissal of the Plaintiffs' case. See id. Alternatively, the Court gave the Plaintiffs an opportunity to explain why they could not file a response. See id. Again, no response was filed.

On June 11, 2024, the Court provided the Plaintiffs with another opportunity, and ordered them to respond to the Defendants' summary judgment motion by June 20, 2024. See June Order at 1 (Docket Entry 102). The Court indicated that if the Plaintiffs did not do so, they would be deemed to have abandoned their claims, that the case would be dismissed, and that the statute of limitations might make it impossible to refile the case. See id. There was again no response.

The Court now considers whether to dismiss this case under Rule 41(b).

**II.   Rule 41**

    **A.   General Principles**

Rule 41 provides: "[if] the plaintiff fails to prosecute or to comply with . . . a court order," the court may sua sponte dismiss the action. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Rule 41(b) as permitting sua sponte dismissals); Collura v. Ford, 2021 WL 2946468, at *2 (3d Cir. July 14, 2021) ("[W]e long have recognized the propriety of sua sponte action under Rule 41(b)"); In re Asbestos Prod. Liab. Litig. (No. VI), 718 F.3d 236, 242 n.4 (3d Cir. 2013) ("A Rule 41(b) dismissal may be entered sua sponte[.]").

In determining whether to dismiss under Rule 41(b), the Court engages in a two-step analysis.

First, the Court determines whether the plaintiff or plaintiffs have failed to push forward their case.

If yes, the Court moves on to the second step, and analyzes a number of distinct factors. See Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132 (3d Cir. 2019). These factors were articulated by the Third Circuit in Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984), and are often referred to as the "Poulis factors."

2

### B. Failure to Prosecute

As to the first step, and as laid out in Part I, the Plaintiffs did not file a response to the Defendants' summary judgment motion --- and they have not complied with the Court's May 21, 2024 and June 11, 2024 Orders, directing them to respond. See May Order at 1; June Order at 1.

All of this amounts to a failure on the part of the Plaintiffs to prosecute their case. See McIntosh v. Nat'l R.R. Passenger Corp., 2023 WL 3645770, at *2 (D.N.J. May 23, 2023) ("[F]ailure to comply with court orders . . . is sufficient to constitute lack of prosecution."); CRA, Inc. v. Ozitus Int'l, Inc., 2019 WL 1493366, at *2 (D.N.J. Apr. 4, 2019) (same); Opta Sys., LLC v. Daewoo Elecs. Am., 483 F. Supp. 2d 400, 404 (D.N.J. 2007) (same).

The Court therefore moves on to an analysis of the Poulis factors.

## III. Poulis Factors

To determine whether the "drastic sanction," Poulis, 747 F.2d at 867-68, of dismissal is warranted, the Court considers the Poulis factors.

The factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Hildebrand, 923 F.3d at 132.

Take each in turn.

### A. Personal Responsibility

The first factor: the plaintiff's "personal responsibility for the . . . inaction" in question. Adams v. Trustees of New

3

Jersey Brewery Employees' Pension Tr. Fund, 29 F.3d 863, 873 (3d Cir. 1994). This factor sorts between "inaction" that is the plaintiff's fault and "inaction" that is a lawyer's. See id.

Here, the Plaintiffs are proceeding pro se, and are therefore, "solely responsible for the progress of [their] case." Young v. Somerset Cnty. Jail, 515 F. App'x 107, 108 (3d Cir. 2013) (cleaned up); see also Collura v. City of Philadelphia, 590 F. App'x 180, 188 (3d Cir. 2014); Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008) ("[A] pro se plaintiff is responsible for his failure to . . . comply with a court's orders.").

Accordingly, the first Poulis factor weighs in favor of dismissal.

### B. Prejudice

The second Poulis factor is prejudice to the Defendants, and evidence of prejudice "bear[s] substantial weight in support of a dismissal[.]" Adams, 29 F.3d at 874-75.

"Prejudice" in this context "does not mean irremediable harm, [but] the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy[.]" Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (cleaned up).

Here, the Plaintiffs' failure to respond to the Defendants' summary judgment motion delays resolution of this case. As noted, this case is nearly six years old. And it is now at a standstill, because there has been no response to the Defendants' summary judgment motion, which seeks to end the litigation.

This delay is at odds with the Defendants' interest in a timely resolution of this matter. See Clarke v. Nicholson, 153 F. App'x 69, 73 (3d Cir. 2005) (recognizing that defendants have "an interest in having litigation brought to an end"); Richardson v. United Airlines, Inc., 2019 WL 13390472, at *4 (D.N.J. July 2, 2019) (same); see also Hamilton v. 113th Precinct Commanding Officer, 2022 WL 18584504, at *2 (M.D. Pa. Oct. 17, 2022) (same); Miller v. Spaulding, 2019 WL 7407398, at *3 (M.D. Pa. Oct. 18, 2019) (same).

The second Poulis factor weighs in favor of dismissal.

4

### C. History of Dilatoriness

The third Poulis factor is a history of dilatoriness. See Adams, 29 F.3d at 873 (citing Poulis, 747 F.2d at 868).

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Id. "[C]onduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" Briscoe, 538 F.3d at 261 (citing Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984)).

Here, apart from the Plaintiffs' failure to respond to the Defendants' motion for summary judgment, or the Court's recent Orders, see May Order at 1, June Order at 1, the Plaintiffs have been dilatory.

As detailed in United States Magistrate Judge Allen's various Orders, the Plaintiffs have failed on a number of occasions to comply with discovery and pretrial orders, and they have been consistently tardy in responding to discovery requests and to the Court. See Multiple Orders (Docket Entries 27, 29, 32, 35, 51, 52, 54, 69, 74, 85, 86).

Accordingly, the third Poulis factor weighs in favor of dismissal.

### D. Willfulness or Bad Faith

The fourth Poulis factor is willful or bad faith conduct. See Adams, 29 F.3d at 873 (citing Poulis, 747 F.2d at 868).

Willfulness and bad faith can sometimes be inferred where there is an "[a]bsence of reasonable excuses" for repeated failures to participate appropriately in a case. See Roman v. City of Reading, 121 F. App'x 955, 960 (3d Cir. 2005). Inferring willfulness or bad faith can make sense where the plaintiff ignores direct court orders, particularly where a litigant has been expressly warned of dismissal for failure to comply. See Cox v. United Parcel Serv., Inc., 753 F. App'x 103, 106 (3d Cir. 2018) (finding willfulness where the plaintiff failed to comply with court orders despite being "repeatedly warned" that the case would be dismissed if he failed to comply); Torres v. Amerada Hess Corp., 240 F. App'x 946, 955-56 (3d Cir. 2007); Hammer v. Cardio Med. Prod., Inc., 230 F. App'x 201, 204 (3d Cir. 2007).

5

Here, the Court repeatedly indicated that the Plaintiffs' failure to respond to the summary judgment motion would result in dismissal of their case. See May Order at 1 ("If they do not make such a filing, their case will promptly be dismissed."); June Order at 1 ("If they do not make such a filing . . . they will be deemed to have abandoned this matter, and the case will promptly be dismissed. A dismissal may potentially make it impossible for the Plaintiffs to refile this case, due to statute of limitations issues.").

The Court also offered the Plaintiffs an opportunity to explain why they could not comply with the Court's Order, see May Order at 1, but received no response. See generally Briscoe, 538 F.3d at 258 (holding that courts "should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders prior to dismissing a case sua sponte").

All of this suggests the Plaintiffs have willfully abandoned this case, such that this Poulis factor weighs in favor of dismissal.

  **E. Alternative Sanctions**

The fifth Poulis factor is the effectiveness of alternative sanctions. See Adams, 29 F.3d at 873 (citing Poulis, 747 F.2d at 868).

Alternative sanctions include "a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees or the preclusion of claims or defenses." Titus v. Mercedes Benz of N. Am., 695 F.2d 746, 749 n.6 (3d Cir. 1982); see also Young, 515 F. App'x at 109. Alternative sanctions are effective when they are likely to "spur [a party] to resume actively litigating th[e] case." Jit Shi Goh v. Coco Asian Cuisine, Inc., 2018 WL 7412833, at *3 (D.N.J. July 23, 2018), report and recommendation adopted, 2019 WL 861374 (D.N.J. Feb. 22, 2019).

Here, because the Plaintiffs are proceeding in forma pauperis, fines or the imposition of costs --- these do not make sense, as the Third Circuit has frequently noted. See Dickens v. Danberg, 700 F. App'x 116, 118 (3d Cir. 2017) ("[T]he District Court . . . could not consider monetary [sanctions] . . . because Dickens was proceeding in forma pauperis."); see also Young, 515 F. App'x at 109; Adonai-Adoni v. King, 506 F. App'x 116, 119 (3d Cir. 2012).

6

Warnings, as suggested by the Third Circuit in Titus, would also be unlikely to have an impact. The Plaintiffs have been warned twice that not responding to the summary judgment motion would result in dismissal of their case. See May Order at 1; June Order at 1. But there has been no response.

As the Plaintiffs have not been responsive, that "suggests that alternative sanctions would be futile." Aruanno v. Johnson, 2020 WL 7632153, at *4 (D.N.J. Nov. 2, 2020); cf. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) ("Judges confronted with litigants who flagrantly violate or ignore court orders, often have no appropriate or efficacious recourse other than dismissal of the complaint[.]") (cleaned up); Brooklyn Waffles, LLC v. Silk City Snacks LLC, 2022 WL 2251127, at *3 (D.N.J. May 19, 2022).

Further, other sanctions are likely futile as the Plaintiffs have, by their actions, indicated a desire to abandon their case, by not opposing the Defendants' motion for summary judgment. See Charles v. Keurig Dr Pepper Inc, 2020 WL 6946886, at *4 (D.N.J. Nov. 25, 2020) (finding alternative sanctions ineffective where the plaintiff "indicated a desire to abandon . . . by choosing not to . . . oppose [the] motion to dismiss") (cleaned up); Porten v. Auto Zone, 2011 WL 2038742, at *3 (D.N.J. May 24, 2011) (same); Deslonde v. New Jersey, 2010 WL 4226505, at *3 (D.N.J. Oct. 21, 2010) (same).

In sum, "outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate." Briscoe, 538 F.3d at 262. This factor therefore weighs in favor of dismissal.

### F. Merit

The sixth and final Poulis factor is meritoriousness of the claim. See Adams, 29 F.3d at 873 (citing Poulis, 747 F.2d at 868).

"[I]n determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Briscoe, 538 F.3d at 263. Thus, the Court deems "[a] claim, or defense . . . meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff[.]" Id.; see also Adams, 29 F.3d at 876–77.

Here, Judge Salas screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and allowed the Plaintiffs' claims to proceed. See Order at 1 (Docket Entry 4). Afterwards, Judge Salas granted in part the Defendants' motion to dismiss, and dismissed Counts I and III and certain official capacity claims. See Motion to Dismiss Order at 1 (Docket Entry 18).

In light of the screening conducted by Judge Salas, the Plaintiffs' remaining claims are at least facially meritorious. See Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)) (explaining that the screening standard for "dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as . . . dismissing a complaint pursuant to . . . [Rule] 12(b)(6)."); see generally Adams, 29 F.3d at 876 (explaining that courts do not use the summary judgment standard and only require facial meritoriousness as to this Poulis factor).

The final Poulis factor therefore weighs against dismissal.

## IV.  Conclusion

In sum, each of the Poulis factors, save the final one, weighs in favor of dismissal. Although the Plaintiffs' claims have some facial merit, the other five factors outweigh the last one. See Hoffman v. Palace Entertainment, 621 F. App'x 112, 115–16 (3rd Cir. 2015) (although a complaint survived a motion to dismiss, the final factor was "insufficient to override the preceding factors"); Duda v. Rentokil N. Am., Inc., 2020 WL 1227526, at *4–5 (D.N.J. Mar. 12, 2020) ("a plaintiff's meritorious claim will not override a finding that the other" factors favor dismissal); see also Hall v. Cramer, No. 22-951, 2024 WL 69144, at *2 (M.D. Pa. Jan. 5, 2024); Yancey v. Wal-Mart Corp., No. 15-6646, 2022 WL 972489, at *11 (D.N.J. Jan. 31, 2022).

For those reasons, the Court holds that dismissal of this case with prejudice is warranted pursuant to Rule 41(b).

The Court, though, will not now dismiss this case. As the undersigned has previously explained:

> Notifying plaintiffs that their claim may be dismissed is not required by Poulis, or by the analogous tests that have been articulated by other Courts of Appeals. See Almara Sepanian,

8

> Cleaning House with Rule 41(b): <u>An Empirical Study of the Multi-Factor Tests for Involuntary Dismissals</u>, 44 Sw. L. Rev. 411, 412-13, 435 (2014) ("[N]either the Supreme Court nor the circuit courts require warnings or notice before dismissal[.]") (cleaned up).
>
> But District Courts throughout the Nation frequently notify plaintiffs that their claims are about to be dismissed before taking that final step. <u>See</u> <u>id</u>.
>
> This makes sense. A plaintiff's claim belongs to the plaintiff, for handling how they want. But there is little reason for the Court not to try to ensure the plaintiff's choice is an informed one, at least when a severe outcome (dismissal) is looming just around the corner. Absent unusual circumstances, basic fairness favors telling a <u>pro se</u> plaintiff that their claim is on the verge of being extinguished before it is. This is true when a plaintiff's case may be dismissed because of a lawyer's actions. <u>See</u> <u>Adams</u>, 29 F.3d at 872 (suggesting as much); <u>Link</u>, 370 U.S. at 643, (Black, J., dissenting) (same). And it is true here, as well --- where it is the plaintiffs' own actions that have pushed them to the edge of being dismissed from the case.

<u>Russo</u> v. <u>Gov't Emps. Ins. Co.</u>, 345 F.R.D. 65, 79 (D.N.J. 2023).

\* \* \*

Against this backdrop, the Court directs the Clerk of Court to mail today to each of the Plaintiffs: (1) the Order attached as Appendix A, and (2) this Opinion and Order.

If there is no response from any given Plaintiff on or before July 24, 2024, that Plaintiff will be dismissed with prejudice from this case.

IT IS, on this 24th day of June 2024 **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

9

Appendix A

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

HORACE GLENN, et al.,

       *Plaintiffs*,

v.

SIMS, et al.,

       *Defendants*.

Civil Action No.
18-13877 (MEF)(JSA)

**ORDER**

I am the United States District Judge overseeing the case of <u>Horace Glenn, et al.</u> v. <u>Sims, et al.</u>

This Order is directed at Horace Glenn, Sharodd Hargrove, and Juan Zalazar. Each of you is a Plaintiff in this case.

I have written an opinion that explains that the Court intends to dismiss this case because the Plaintiffs have not responded to the Defendants' summary judgment motion. The Court's dismissal will be with prejudice.

The Court's opinion is attached. It is <u>not</u> final, but it will soon become final and the case will be dismissed --- unless I hear from you by July 24, 2024.

If you have an interest in remaining in the case, you are hereby directed to file a letter on the docket of this case before July 24, 2024 at 5:00pm. The letter must either (1) be a response to the Defendants' pending summary judgment motion or (2) indicate the date (no later than September 3, 2024) on which the response will be filed.

**<u>If you do not reach out by July 24, you will be dismissed from this case with prejudice.</u>**

It is on this 24th day of June, 2024 SO ORDERED.

                                                                 _____
                                                                 Michael E. Farbiarz, U.S.D.J.